# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALLEN WILLIS,

        Plaintiff,

v.                                                  Case No. 10-CV-293

TYCO INTERNATIONAL
d/b/a ADT Security Services Inc.,

        Defendant.

# ORDER

On April 13, 2010, plaintiff Allen Willis ("Willis") filed an Objection to Notice of Removal (Docket #3), claiming the amount in controversy is insufficient to provide this court with original jurisdiction over the matter. This action was originally removed from state court by defendant Tyco International ("Tyco") on April 8, 2010. (Docket #1). On June 25, 2010, this court construed Willis' objection as a motion to remand and ordered further briefing. (Docket #12).

Removal from state court requires the district court to which the action is removed have original jurisdiction. 28 U.S.C. § 1441(a). District courts have original jurisdiction over diversity actions where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). The amount in controversy alleged in a complaint is controlling, unless recovery is legally impossible. *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) (citing Supreme Court). Absent an alleged amount, the proponent of jurisdiction carries the burden "of showing by a

preponderance of the evidence facts that suggest the amount-in-controversy requirement is met." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006). "[A] good-faith estimate of the stakes is acceptable if it is plausible and supported by a preponderance of the evidence." *Id.* Multiple claims by a single plaintiff against a single defendant may be aggregated. *Snyder v. Harris*, 394 U.S. 332, 335 (1969). Following a proper showing by the proponent, "the plaintiff can defeat jurisdiction only if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Oshana*, 472 F.3d at 511 (internal quotation omitted).

Tyco has carried its burden of showing the amount-in-controversy requirement is met. Both legal fees and punitive damages count toward the jurisdictional minimum if the party is entitled to recover them. *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998); *Bell v. Preferred Life Assurance Soc'y of Montgomery, Ala.*, 320 U.S. 238, 240 (1943). Plaintiff has not alleged a value which would control, but claims breach of a short-term disability policy, negligence in Tyco's denial of benefits, and bad faith denial of benefits owed to Willis. (Am. Compl. ¶¶ 10-19) (Docket #1). Tyco cites three Wisconsin cases where juries have awarded bad faith damages in amounts exceeding the jurisdictional requirement. *See Majorowicz v. Allied Mut. Ins. Co.*, 212 Wis. 2d 513, 523, 569 N.W.2d 472 (Wis. Ct. App. 1997) (jury award of $264,031.46 for bad faith and punitive damages); *Billy Clyde Corp. v. Tower Ins. Co.*, 120 Wis. 2d 682, 357 N.W.2d 565 (Wis. Ct. App. 1984) ($338,000 for bad faith and $180,000 associated punitive); *Bralich v. Blue*

*Cross & Blue Shield United of Wisc.*, 120 Wis. 2d 675, 355 N.W.2d 254 (Wis. Ct. App. 1984) ($1,179.20 for bad faith and $75,000 punitive). Thus, the bad faith claim alone could plausibly result in an award greater than the amount-in-controversy requirement, and Tyco's three citations establish this by a preponderance of the evidence.

In turn, Willis has not established a lack of jurisdiction to a legal certainty. Stipulation of damages may prevent satisfaction of the amount-in-controversy requirement, *Oshana*, 472 F.3d at 511, but stipulation must occur at the time of filing the complaint. *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992). "Because jurisdiction is determined as of the instant of removal, a post-removal affidavit or stipulation is no more effective than a post-removal amendment of the complaint." *Id.* Here, Willis did not take the proper effort to prevent original jurisdiction in this court. Further, as is likely acknowledged by Willis' choice not to file a reply brief, he has not shown any other facts establishing to a legal certainty that the amount is less than required for jurisdiction. Thus, Tyco has carried its burden, Willis has not, and the court, therefore, finds it has original jurisdiction under section 1332, making removal proper under section 1441. Therefore, the court must deny the requested remand to state court.

Accordingly,

**IT IS ORDERED** that the plaintiff's Objection to Notice of Removal (Docket #3), construed as a motion to remand, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 27th day of September, 2010.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge