# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ALLEN WILLIS,

        Plaintiff,

v.                                        Case No. 10-CV-293

TYCO INTERNATIONAL,
d/b/a ADT Security Services, Inc.,

        Defendant.

## ORDER

On January 7, 2011, defendant Tyco International ("Tyco") filed a Motion for Summary Judgment (Docket #18). This action arises from Tyco's allegedly wrongful denial of plaintiff Allen Willis' ("Willis") claim for short-term disability benefits. In his complaint, Willis makes three claims: breach of contract; negligent denial of benefits; and, bad faith denial of benefits. In briefing this motion, Willis concedes that this action is not properly one for negligence or bad faith. Thus, the court will grant Tyco summary judgment as to those claims. For the reasons discussed below, the court will grant Tyco summary judgment as to Willis' claim for breach of contract as well.

## BACKGROUND

The following facts are undisputed for purposes of this motion. Tyco hired Willis as a sales manager in 2005, after which Tyco offered Willis a position as Small Business Sales Manager on December 9, 2005. (Def.'s Statement of Fact

[hereinafter Def.'s SoF] ¶¶ 1-2). In its letter offering Willis the small business position, Tyco noted that Willis would "be eligible to continue to participate in a wide range of benefits . . . which includes . . . short term . . . disability insurance." (Def.'s SoF ¶ 3). The letter referred Willis to the Team Member Handbook ("Handbook") for further details. (Def.'s SoF ¶ 3). Willis signed, dated, and returned the letter to signify his acceptance on December 16, 2005. (Def.'s SoF ¶ 4). On February 22, 2007, Willis received a copy of the Handbook, from which the majority of the conflict in this case arises. (Def.'s SoF ¶ 5). The Handbook provided:

> We developed the ADT Team Member Handbook ("Handbook") to acquaint you with our Company, to serve as a guide during your employment, and to highlight some of our key policies, philosophies, and practices. This Handbook is neither a contract nor a promise of employment for any definite duration. Because business conditions are always changing, we'll be revising this Handbook from time to time as the situation calls for it.

(Def.'s SoF ¶ 5). On page six, the Handbook states "[p]lease remember that this Handbook is not a contract of employment, that your employment with the company at all times is 'at-will' and that either you or the Company can terminate the employment relationship at any time, with or without cause or notice." (Pl.'s Resp. to Statement of Fact [hereinafter Pl.'s SoF] ¶ 6). The Handbook further states that,

> Management . . . reserves the right to deviate from existing policies at its discretion. There will also be situations that require a change from time to time in policies, practices and benefits described in this Handbook. Accordingly, the Company reserves the right to modify, add, delete, or revise any provisions contained in this Handbook or any of its policies at any time as it deems necessary or appropriate in its sole and absolute discretion.

(Def.'s SoF ¶ 6). On page thirty-seven, the Handbook briefly describes the short-term disability policy at issue:

> ADT provides eligible team members with income protection when they are unable to work due to a personal illness or non work related injury as defined by this Policy. . . . It is the policy of the Company to grant a short-term disability benefit to eligible team members based on approved length of service with the Company. . . . The Company has the sole right to amend, modify, terminate or discontinue the policy at any time and to any extent it may deem advisable, retroactively or otherwise, as designated by written instrument. . . . For more information on [short-term disability] leave, please review the entire policy on Inside ADT (www.InsideADT.com) or contact the Human Resources Service Center . . . for additional details.

(Def.'s SoF ¶ 7); (Pl.'s SoF ¶ 7). The disability policy itself requires that any covered illness or impairment must be verified by a certified physician and, further, it excludes from coverage disability due to any "[w]ork-related injuries or illnesses." (Def.'s SoF ¶ 9). An award of benefits must be approved by a nurse case manager. (Def.'s SoF ¶ 9). The terms of the policy also reiterate that Tyco has the "sole right to amend, modify, terminate or discontinue the policy at any time and to any extent it may deem advisable, retroactively or otherwise, as designated by written instrument." (Def.'s SoF ¶ 9).

On May 25, 2007, Willis was admitted to the hospital, and discharged on May 27, 2007. (Def.'s SoF ¶ 10). According to his medical discharge summary, Willis' treating physician noted his reason for admission was "for intractable anxiety and panic attacks, because of what he described as major work stressors." (Def.'s SoF ¶ 11). The report further describes the work stressors at issue. (Def.'s SoF ¶ 11).

The report also describes a history of medication that Willis reported had not been effective for the prior two months. (Def.'s SoF App. at 82) (Docket #19-1).[1] The report further noted that Willis felt it was "just too detrimental to his mental health to return to his work environment." (Def.'s SoF App. at 83). Willis subsequently applied for short-term disability benefits and was denied. (Def.'s SoF ¶¶ 13, 15).

## LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *McNeal v. Macht*, 763 F. Supp. 1458, 1460-61 (E.D. Wis. 1991). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *See Anderson*, 477 U.S. at 248. A dispute over "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* In other words, in determining whether a genuine issue of material fact exists, the court must construe all reasonable inferences in favor of the non-movant. *Lac Courte Oreilles Band of Lake Superior Chippewa Indians v. Voigt*, 700 F.2d 341, 349 (7th Cir. 1983).

---

[1] In Willis' response to Tyco's proposed facts, he does not quarrel with the contents of the report, but seeks to add a portion excluded from Tyco's statement. However, Willis' citation to Tyco's appendix does not lead to the quoted material, nor is it evident anywhere else in the record. Thus, the court cannot accept Willis' offered fact. Fed. R. Civ. P. 56(c)(1)(A). However, those facts are ultimately immaterial to the decision.

**ANALYSIS**

Because the short-term disability policy at issue here is not a contract, Willis' claim for breach of contract necessarily fails and the court will, therefore, grant summary judgment to Tyco.[2] Further, as noted previously, Willis concedes that he cannot recover under theories of negligent or bad faith denial of benefits, and thus the court grants summary judgment to Tyco on those claims as well.[3] "In a breach of contract case, the plaintiff must establish the existence of the contract." *VanHierden v. Swelstad*, 2010 WI App 16, ¶ 11, 323 Wis. 2d 267, 779 N.W.2d 441 (citing *Household Utils., Inc. v. Andrews Co.*, 236 N.W.2d 663, 669 (Wis. 1975)). Where "performance depends solely upon [the promisor's] option or discretion, as where the promisor is free to perform or to withdraw from the agreement at will," there is no contract. *First Wis. Nat'l Bank of Milwaukee v. Oby*, 188 N.W.2d 454, 457 (Wis. 1971); *see also* Restatement (Second) of Contracts § 77 cmt. a, illus. 2 (1981) (agreement while reserving power to terminate agreement at any time is an illusory promise and not consideration).

---

[2] At the outset, the court notes that neither party's briefing has been very helpful to the court given a general lack of citation to authority. What citation there is often fails to follow normal rules, such as those for unreported cases, or fails to include pinpoint cites. Tyco also appears to be unfamiliar with the Wisconsin rule that unpublished Court of Appeals dispositions prior to July 1, 2009, are not precedent and may not be cited. Wis. Stat. § 809.23(3); *see also Guaranty Trust Co. of N.Y. v. York*, 326 U.S. 99, 109 (1945) (purpose of *Erie* doctrine is to reach substantially same outcome as State court). Fortunately, the issues presented are not overly complex, but it should be noted that leaving a court to navigate its way out of a legal thicket without a map is poor advocacy.

[3] Willis, in his opposition brief, requests that this court not only deny Tyco summary judgment, but grant him summary judgment. While the court may, in its discretion, grant summary judgment to the nonmovant, *see* Fed. R. Civ. P. 56(f)(1), such is unnecessary where the court finds the movant is entitled to summary judgment.

It is clear from the language of the policy that the terms providing for short-term disability benefits are not enforceable as a contract. The policy, both in the Handbook, and in the separate, more extensive policy document, specifically states that Tyco has the sole right to amend, modify, terminate, or discontinue the policy at any time, and to any extent, including retroactively. This statement clearly falls within the realm of performance depending solely upon the promisor's option. Accordingly, the terms of the policy are not sufficient to create a contract, and without an enforceable contract, no breach of contract claim may lie.

Willis argues that because Tyco's original letter offering him the position referred to the policy as "insurance," the policy must be considered a contract because that word is a controlling term of art that carries particular meaning under Wisconsin law. For this proposition he cites to two cases which supposedly define insurance under Wisconsin law. According to both, "insurance" means "contractual shifting of risk in exchange for premiums." *Hillegass v. Landwehr*, 499 N.W.2d 652, 654-55 (Wis. 1993); *Nat'l Motorists Ass'n v. Office of Comm'r of Ins.*, 655 N.W.2d 179, 184 (Wis. App. 2002) (citing *Hillegass*). Thus, Willis argues, characterization of the policy as "insurance" converts it to a contract. These citations, however, do not tell the full story. First, *Hillegass* is not even arguably applicable as it did not decide whether a disability benefits policy was in fact a contract where an extraneous document referred to it as "insurance." 499 N.W.2d at 654-56. Neither is *National Motorists* applicable, as it concerned a challenge to application of a

Wisconsin statute to a company allegedly doing insurance business in the state. 655 N.W.2d at 181. Second, the *Hillegass* court merely referred to a common understanding of the term before moving on to determine that self-insurance qualified as a form of "collectible insurance" under the terms of another insurance policy. 499 N.W.2d at 654-56. In doing so, the court essentially recognized that "self-insurance," which occurs where an entity chooses to retain some of its own risk *rather than contract with a third-party*, also constitutes insurance. *Id.* Thus, even were the case applicable, it shows that the term "insurance" need not involve a contract. Further, both cases recognize that, with respect to contractually-supported insurance, risk is shifted in exchange for premiums. Willis has made no showing that he paid any premiums in return for eligibility for the disability benefits. Thus, even if the use of the term "insurance" in Tyco's offer letter implied a contract at first blush, the lack of premium payment, or any other consideration, destroys Willis' claim to a relationship under his offered definition. Finally, even were the court to ignore these flaws, it sees no reason to give controlling weight to a term used in an extraneous document not purporting to outline any of the terms of the policy, particularly where the term itself never once appears within the four corners of the actual document laying out the policy provisions. As such, Willis has failed to show the existence of a contract, or any genuine dispute as to its existence, and thus Tyco is entitled to summary judgment on the claim for breach of contract.[4]

---

[4] Because the court finds that no enforceable contract existed, it need not consider the parties' arguments regarding compliance with the terms of the policy.

Accordingly,

**IT IS ORDERED** that the defendant's Motion for Summary Judgment (Docket #18) be and the same is hereby **GRANTED** and this case is hereby **DISMISSED**.

The clerk of court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 29th day of April, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge